UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHVIEW CHRISTIAN CHURCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> J & J GROUP, INC. JASON SOUTH MECHANICAL SYSTEM SOLUTIONSGROUP, PLLC, d/b/a Engineering System Solutions, MS2EE PLLC, dba Engineering System Solutions, E & D Company PLLC, d/b/a Engineering System Solutions, ENGINEERING STRUCTURAL DETAILING, LLC, d/b/a Engineering System Solutions, <br><br> Defendants. | Case No. 4:10-CV-382-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Amend Scheduling Order (Dkt. 77). Defendants claim they "mistakenly admitted" in their Answer that each of the Defendants individually contracted with LPDJ Architects, LLC. They maintain instead that only Defendants Mechanical System Solutions Group, PLLC and E & D Company, PLLC contracted with LPDJ. Defendants now ask the Court to allow them to amend their

MEMORANDUM DECISION AND ORDER - 1

Answer to correct this "unintentional typographical error." For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

Northview filed its Complaint in the Northern District of Texas on February 25, 2010. Defendants responded by filing several pre-trial motions, including a motion to dismiss for lack of personal jurisdiction and a motion for a more definite statement. On July 13, 2010, the Northern District of Texas court found that it did lack personal jurisdiction over Defendants, but in lieu of dismissing the claims against Defendants, the court severed those claims and transferred them to this Court. The Texas court also denied Defendants' motion for a more definite statement as moot.

After the transfer to this Court, Defendants filed a second motion for a more definite statement (Dkt. 38). And on September 15, 2010, before the motion for a more definite statement was fully briefed, the Court entered a Case Management Order setting the deadline to amend the pleadings for December 15, 2010. (Dkt. 43). The court heard oral argument on the motion for a more definite statement on November 1, 2010, which it subsequently denied. The parties, however, stipulated to the filing of an amended complaint because the original complaint had been drafted in connection with the Texas action. The parties agreed that Northview would file the amended complaint by December 15, 2010 – the deadline to amend pleadings – and Defendants would file their answer within the time permitted by the rules.

Northview filed the Amended Complaint on December 8, 2010, and Defendants

filed their Answer on December 23, 2010 – eight days after the deadline to amend the pleadings. Defendants maintain that soon after they filed their Answer they discovered "an unintentional factual error," i.e., they admitted that each of the Defendants individually contracted with LPDJ. As soon as they discovered the error, Defendants filed this motion, on February 3, 2011.

## ANALYSIS

The deadline set forth in the Case Management Order for amending the pleadings has passed. Therefore, Rule 16 governs whether Defendants will be allowed to amend their pleadings. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b). "A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson*, 975 F.2d at 608 (internal citations omitted). The "good cause" standard under Rule 16 focuses primarily on the "diligence of the party seeking the amendment." *Id.* at 609.

Here, Defendants could not have filed an amended answer prior to the deadline for amending the pleadings because, through the stipulation of the parties, Defendants answer to the amended complaint was not due until *after* the deadline already passed. Therefore, Defendants did not show a lack of diligence by failing to file their motion to amend the answer before the deadline for amending pleadings. The Court therefore finds that the good cause standard for amending the scheduling order has been satisfied.

Moreover, the Court finds that Northview would not suffer undue prejudice by

allowing Defendants to amend their answer.  Northview argues that it will suffer prejudice because it relied on Defendants' admission that all Defendants contracted with LPDJ.  However, this admission stood for only slightly over a month – Defendants filed their original Answer on December 23, 2010, and then sought to amend their Answer on February 3, 2011, when discovery had only begun.  Therefore, Northview cannot reasonably argue that it shifted its entire litigation strategy based on this "admission."  Also, the parties stipulated to amend the Case Management Order so they would have until August 31, 2011 to complete discovery.  This allows Northview ample time to conduct discovery on this issue.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Amend Scheduling Order (Dkt. 77) is GRANTED.  Defendants shall file their Amended Answer *no later than April 29, 2011.*

DATED:  **April 21, 2011**

B. LYNN WINMILL
Chief Judge U.S. District Court