UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHVIEW CHRISTIAN CHURCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> J & J GROUP, INC. JASON SOUTH MECHANICAL SYSTEM SOLUTIONSGROUP, PLLC, d/b/a Engineering System Solutions, MS2EE PLLC, dba Engineering System Solutions, E & D Company PLLC, d/b/a Engineering System Solutions, ENGINEERING STRUCTURAL DETAILING, LLC, d/b/a Engineering System Solutions, <br><br> Defendants. | Case No. 4:10-CV-382-BLW <br><br> MEMORANDUM DECISION AND ORDER |

Before the Court is Plaintiff Northview Christian Church, Inc.'s Request for Judicial Notice (Dkt. 83). For the reasons set forth below, the Court will deny Northview's request.

## ANALYSIS

Federal Rules of Evidence 201 authorizes a court to take judicial notice of adjudicative facts so long as any such facts is "not subject to reasonable dispute in that it

is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Rule 201 provides further that "[i]n a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed." FED. R. EVID. 201(g).

Northview asks the Court to take judicial notice of two documents attached as exhibits to its request: (1) an insurance policy produced by Defendants; and (2) a certificate of assumed business name, filed with the Idaho Secretary of State. The Court declines to accede to Northview's request. First, as Defendants have argued, Rule 201 only permits this Court to judicially notice "adjudicative facts" and not entire documents *in toto*. Second, the Court declines to take judicial notice of documents without knowing for what purpose Northview intends to use them.

Moreover, as Defendants also pointed out, none of the cases Northview cites in support of its request for judicial notice of the documents pertain to Rule 201 or judicial notice.[1] Rather, the cases Northview cites deal with questions of authenticity under Rule 901. But authentication of a document differs from taking judicial notice of a fact. "Authentication relates only to whether the documents originated from [a certain source]; it is not synonymous to vouching for the accuracy of the information contained in those

---

[1] The cases Northview cites in its opening brief are: *United States v. Doe*, 465 U.S. 604 (1984); *United States v. Lawrence*, 934 F.2d 868 (7th Cir. 1991); and *United States v. Brown*, 688 F.2d 1112 (7th Cir. 1982).

records." *U.S. v. Brown* , 688 F.2d 1112, 1116 (7th Cir. 1982). Northview's citation of these cases begs the question: does Northview want the Court to judicially notice certain facts, or does it want the Court to find the documents are "self-authenticating" because they were produced by Defendants or filed with the Secretary of State? The Court declines to guess. Instead, the Court denies Northview's request for judicial notice.

## ORDER

IT IS ORDERED that Plaintiff Northview Christian Church, Inc.'s Request for Judicial Notice (Dkt. 83) is DENIED.

DATED: **April 21, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge